# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ROBERT CANNON, THELMA CANNON, and GERALD CANNON, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. K19C-03-023 CLS |
| RONALD POLIQUIN, ANDRE BEAUREGARD, and BROWN SHIELS & BEAUREGARD, LLC, | ) ) ) ) | |
| Defendants. | ) ) | |

Date Submitted: March 30, 2020
Date Decided: May 15, 2020

*Upon Defendant Andre Beauregard's Motion for Summary Judgment*
**Granted.**

Robert Cannon, *Pro Se* Plaintiff.

Thelma Cannon, *Pro Se* Plaintiff.

Gerald Cannon, *Pro Se* Plaintiff.

Andre Beauregard, Esquire, Brown Shiels & Beauregard, LLC, Dover, Delaware, Attorney for Defendant Andre Beauregard.

**SCOTT, J.**

1

Before the Court is Defendant Andre Beauregard's Motion for Summary Judgment. For the following reasons, Defendant Beauregard's motion is GRANTED.

## Background

Plaintiffs Robert Cannon, Thelma Cannon, and Gerald Cannon ("Plaintiffs") filed an action against Defendants Ronald Poliquin, Andre Beauregard, and Brown, Shiels & Beauregard LLC ("Defendants") alleging claims of Fraudulent Inducement of Contract, Breach of Contract, Misappropriation of Client Funds, Civil Conspiracy, and Legal Malpractice. Plaintiffs' claims stem from Defendants' representation of Plaintiffs in a legal matter different than the instant case.

## Parties' Assertions

Defendant Beauregard moved for summary judgment. Defendant Beauregard's arguments challenge the factual underpinnings of Plaintiffs' claims for fraudulent inducement of contract, breach of contract, and misappropriation of client funds. As to Plaintiffs' civil conspiracy claim, Defendant Beauregard argues that Plaintiffs failed to allege the elements of an underlying claim. As to Plaintiffs' legal malpractice claim, Defendant Beauregard argues that Plaintiffs needed—and failed to identify—an expert witness to testify to the relevant standard of care.

In response, Plaintiffs argue that summary judgment is inappropriate because there are genuine issues of material fact relating to all of Plaintiffs' claims. Plaintiffs

2

also argue that their civil conspiracy claim is based on the underlying torts of fraudulent inducement of contract and breach of contract. Additionally, Plaintiffs argue that, because this is a bench trial, they do not need an expert witness to help the Court understand the standard of care for an attorney.

## Standard of Review

Under Superior Court Rule of Civil Procedure 56, summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.[1] Summary judgment will not be granted if material facts are in dispute or if "it seems desirable to inquire more thoroughly into the facts to clarify the application of the law to the circumstances."[2] This Court considers all of the facts in a light most favorable to the non-moving party.[3]

## Discussion

Defendant Beauregard is counsel for himself and Defendant Brown Shiels & Beauregard ("BS&B"). However, the arguments in the Motion for Summary Judgment suggest to the Court that the motion is brought only on behalf of Defendant Beauregard because the arguments focus on Defendant Beauregard's lack of

---

[1] Super. Ct. Civ. R. 56(c).
[2] *Infante v. Horizon Servs., Inc.*, 2019 WL 3992101, at *1 (Del. Super. Aug. 23, 2019).
[3] *Id*.

3

personal involvement with Plaintiffs' case.[4] Thus, the Court will evaluate the Motion for Summary Judgment *only* in relation to Defendant Beauregard.

There is no genuine issue of material fact that Defendant Beauregard did not provide legal services to Plaintiffs when they retained BS&B. Plaintiffs argue that Defendant Beauregard should be liable to them because Defendant Beauregard's name appears on the firm's letterhead. Defendant Beauregard put forth evidence showing that Defendant Beauregard was not present at any client meeting with Plaintiffs and did not provide any legal services or advice to Plaintiffs.[5] Plaintiffs submitted no evidence disputing these facts.[6] Accordingly, Plaintiffs have not met their burden[7] and shown that there is a genuine issue of material fact regarding Defendant Beauregard's lack of personal involvement in Plaintiffs' case.

Furthermore, Defendant Beauregard cannot be held liable for Ronald Poliquin's actions. Plaintiffs argue that Defendant Beauregard should be liable for the actions of Mr. Poliquin because Defendant Beauregard is the owner and

---

[4] Nowhere in Mr. Beauregard's motion, notice of motion, or proposed order does Mr. Beauregard identify the party (or parties) seeking summary judgment.

[5] Plaintiffs admit that they never met with, consulted with, or solicited advice from Mr. Beauregard during the time period when they employed the legal services of BS&B. Def.'s Mot. Summ. J. 2 (Mar. 12, 2020) (citing Pls.' Resp. Req. Admis. 1–2 (Oct. 9, 2019)).

[6] *See Sterling v. Beneficial Nat'l Bank, N.A.*, 1994 WL 315365, at *3 (Del. Super. Apr. 13, 2019) ("If a properly supported motion for summary judgment shows no genuine issue of material fact, the burden shifts to the nonmoving party to prove material issues of fact exist.").

[7] *Id.*

"managing partner" of BS&B. BS&B is a limited liability company (LLC).[8] Unlike a general partnership, where partners are jointly and severally liable for the obligations of the partnership,[9] the members of a LLC are not jointly and severally liable for the acts of agents of the LLC.[10] Although Defendant Beauregard is the owner of BS&B, he cannot be held liable for the obligations incurred by BS&B through its agents. Defendant Beauregard cannot be held liable for Mr. Poliquin's actions; thus, given the nature of Plaintiffs' claims, Defendant Beauregard is not a proper defendant.

Plaintiffs may still pursue their claims against BS&B under a vicarious liability theory and the principles of agency law.

## Conclusion

For the forgoing reasons, Defendant Beauregard's Motion for Summary Judgment is **GRANTED.**

**IT IS SO ORDERED.**

_____
**The Honorable Calvin L. Scott, Jr.**

---

[8] BS&B's entity status was confirmed by the Delaware Department of State: Division of Corporations' entity search tool. *General Information Name Search*, State of Delaware, https://icis.corp.delaware.gov/ecorp/entitysearch/NameSearch.aspx (last visited May 14, 2020).

[9] A partner's liability for the obligations of the general partnership are subject to certain, defined exceptions. 6 *Del C.* § 15–306(a).

[10] 6 *Del C.* § 18–303(a).